IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 94-30035 |
| | ) | |
| DEBRA D. POOL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on April 23, 2007, for hearing on a Petition to Revoke Defendant Debra D. Pool's Supervised Release (d/e 241) (Petition) and the Supplemental Petition to Revoke Defendant Pool's Supervised Release (d/e 243). The Government appeared by Assistant United States Attorney David Risley. Defendant Pool appeared in person and by her attorney Assistant Federal Defender Douglas Beevers. Defendant was convicted and sentenced on November 22, 1995, of the crime of conspiracy to distribute a controlled substance. She was sentenced to 168 months imprisonment, followed by five years supervised release. She began her term of supervised release on March 5, 2002.

1

The Petition alleged eight violations of the terms of Defendant Pool's supervised release. Defendant Pool admitted all but the first two alleged violations. The disputed violations in the Petition alleged that she violated the terms of her supervised release by committing the crime of felony retail theft. The Court held an evidentiary hearing on the two disputed violations. After considering the evidence presented and the arguments of counsel, the Court found that the two alleged violations were proven. The Court, therefore, found that Defendant Pool violated the terms of her supervised release as set forth in the Petition. The Government withdrew the allegations in the Supplemental Petition. The Supplemental Petition, thus, was dismissed.

The parties announced that they were ready to proceed to sentencing. The Defendant argued that the retail theft violations were Grade C violations under the Guidelines. U.S.S.G. § 7B1.1(a)(3). For the reasons stated of record, the Court rejected this position and determined that the retail theft violations were Grade B violations because the violations constituted felonies punishable under state law for a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2). Defendant Pool's original criminal history category was category I. The Court therefore found that

the appropriate Policy Statement range for a Grade B violation by Defendant Pool was 4-10 months. U.S.S.G. § 7B1.4.

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Pool, the Court revoked Defendant Pool's supervised release, sentenced her to ten months imprisonment, ordered her to pay the unpaid restitution from the original judgment sentence in the amount of $10,604.97, and ordered that she not serve any more supervised release upon her release from imprisonment. The Court then informed Defendant Pool of her right to appeal.

IT IS THEREFORE SO ORDERED.

ENTER:  \_\_\_\_April 25\_\_\_\_, 2007.

       FOR THE COURT:

                                                s/Jeanne E. Scott
                                                JEANNE E. SCOTT
                                 UNITED STATE DISTRICT JUDGE